# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-10040-RGK-FFM | Date | February 04, 2019 |
|---|---|---|---|
| Title | *Sonia Naranjo v. Walmart, Inc., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Motion for Leave to File First Amended Complaint, to Remand Action to State Court, and to Award Attorney's Fees (DE 10)**

## I. INTRODUCTION

On July 10, 2018, plaintiff Sonia Naranjo ("Plaintiff") filed a complaint for personal injury in Los Angeles Superior Court against defendants Walmart, Inc. ("Defendant") and Does 1–25, inclusive. Defendant removed the case on November 30, 2018 (DE 1).

Now before the Court is Plaintiff's motion to remand the action to state court, for leave to file a first amended complaint, and for attorney's fees ("Motion") (DE 10).

For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Plaintiff's personal injury action arises out of a slip and fall at Walmart. In her complaint, Plaintiff marked that her damages exceeded $25,000. Shortly after Defendant answered Plaintiff's complaint, the parties commenced discovery.

On September 26, 2018, in response to an interrogatory about damages already sustained, Plaintiff responded that she had incurred $21,196.55 in medical expenses thus far. And in later questions about future damages and future lost income, Plaintiff stated that her doctor had recommended surgery, and that she did not know how much time she would need to recover from it. Plaintiff also produced "107 pages of mostly medical records and bills," including "a 2-page report from a Dr. Gerald

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-10040-RGK-FFM | Date | February 04, 2019 |
|---|---|---|---|
| Title | *Sonia Naranjo v. Walmart, Inc., et al.* | | |

Alexander that fully detailed Plaintiff's injury, the type of surgery that Plaintiff required, and the costs associated with such surgery, which was documented at $250,000." (Pl.'s Mot. 3:10–17, ECF No. 10.)

On November 12, 2018, Defendant initiated a meet-and-confer about Plaintiff's responses. Specifically, Defendant asked Plaintiff to elaborate on the "suggested" surgery, "as none of [Plaintiff's] discovery responses detail a surgery a medical professional has recommended." (Abbott Decl., Ex. 7, ECF No. 1-7.) Plaintiff responded on November 16, 2018 by referencing her already-produced medical report from Dr. Alexander recommending surgery and outlining the predicted costs. (Abbott Decl., Ex. 8, ECF No. 1-8.)

Defendant then filed a notice of removal in this Court based on Plaintiff's response, contending that it was the "first time that Plaintiff specified damages exceeding $22,000," rendering the case removable. (Not. of Removal 3:15–18, ECF No. 1.)

Plaintiff now moves to remand the case.

### III.   JUDICIAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality,* 213 F.3d 1108, 1113 (9th Cir. 2000) ("If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case."). The court "resolves all ambiguity in favor of remand." *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2000).

### IV.   DISCUSSION

Plaintiff urges the Court to remand this action because Defendant's removal was untimely. In the alternative, Plaintiff requests leave to file a first amended complaint naming an additional, non-diverse defendant. If the Court chooses to remand the case, Plaintiff also requests attorney's fees.

#### A.   Removal

A defendant may remove a case from state court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction places the burden on the defendant to show by a preponderance of the evidence that removal is proper. *Id.* at 566–67.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-10040-RGK-FFM | Date | February 04, 2019 |
|---|---|---|---|
| Title | *Sonia Naranjo v. Walmart, Inc., et al.* | | |

Here, Defendant removed the case based on diversity jurisdiction. A district court has original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Removal based on diversity requires that the citizenship of each plaintiff is diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996). Complete diversity must exist both at the time that the complaint is filed and at the time of removal. *Strotek Corp. v. Air Transp. Ass'n of Am.,* 300 F.3d 1129, 1131 (9th Cir. 2002).

Here, Plaintiff does not dispute that diversity jurisdiction exists. Instead, Plaintiff contends that Defendant's removal is untimely. It is well-established that a defendant must file a notice of removal within 30 days after the receipt of the first pleading in the state action that sets forth a removable claim. 28 U.S.C. § 1446(b)(1). Where removability is uncertain from the initial pleading, however, the 30-day period starts from the point at which the defendant had notice that the action is removable from an "amended pleading, motion, order, or other paper." *Id*.

Defendant filed its notice of removal on November 30, 2018. In its notice, Defendant argues that on November 16, 2018, Plaintiff revealed for the first time that her doctor recommended a $250,000 surgery. This, Defendant contends, marked its first notice that damages would surpass $22,000 and that diversity jurisdiction's amount-in-controversy requirement was satisfied. As a result, 14 days later, Defendant removed the case based on diversity jurisdiction. Defendant acknowledges in its notice, however, that Plaintiff had "alluded to future surgery" in her prior interrogatory responses but avers that the surgery was "not explained or quantified" at that time. (Not. of Removal 3:2–3.) Plaintiff, however, argues that Defendant became aware of the $250,000 surgery on September 26, 2018, after Plaintiff responded to interrogatories and produced the doctor's report recommending and pricing the surgery.

The thirty-day period for removal begins to run when defendant receives a copy of a pleading or "other paper" from which it can determine that the case is removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006). An interrogatory response is an "other paper" that may reset the removal clock. *Id.* at 1251.

"When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking." *Id.* at 1253. "[D]efendants need not make extrapolations or engage in guesswork; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'" *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (citing *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-10040-RGK-FFM | Date | February 04, 2019 |
|---|---|---|---|
| Title | *Sonia Naranjo v. Walmart, Inc., et al.* | | |

Here, Defendant received enough facts to recognize that the amount-in-controversy exceeded $75,000 when Plaintiff responded to interrogatories and produced her doctor's report in September. To be sure, Plaintiff's response to the interrogatory asking for her medical bills to date included charges totaling less than $22,000. (Pl.'s Response to Interrogatories 6.4, ECF No. 11-5.) But the question specifically asked about expenses already incurred, not future expenses that were anticipated. Plaintiff then responded to interrogatories about other medical services "not previously listed," or future treatment costs that Plaintiff anticipated, with the following: "Plaintiff was advised to have surgery." (*Id.* at 6.6, 6.7.) Plaintiff repeated this again in another interrogatory response, answering a question about future lost income with a reminder that she was advised to have a surgery, but that "Plaintiff may not estimate the loss as she does not know how much time she *will need* to recover from surgery." (*Id.* at 8.9) (emphasis added.) And Plaintiff produced a report by her treating physician clearly stating that Plaintiff was advised to undergo a surgery, which was to be scheduled soon, that would cost an estimated $250,000. (*See* Zeytuntsyan Decl., Ex. D, ECF No. 10-5.)

Defendant was therefore on notice from Plaintiff's interrogatory responses that she intended to have surgery, especially as she referenced the surgery using the future tense verb "will." Moreover, Defendant was in possession of the two-page document in which Plaintiff's doctor opined that the surgery and related costs would total about $250,000. Applying a reasonable amount of intelligence, Defendant could have ascertained removability at that time. *See Kuxhausen*, 707 F.3d at 1140.

Accordingly, Defendant's removal was untimely. Defendant was given notice of removability on September 26, 2018. Defendant's November 30, 2018 removal falls outside the thirty-day window. As a result, this case will be remanded.

### B. Leave to File First Amended Complaint

Because the Court is remanding the case, Plaintiff's motion for leave to file a first amended complaint is denied as moot.

### C. Attorney's Fees

"Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Durham*, 445 F.3d at 1250 (internal citations omitted). Here, although removal was untimely, Defendant's basis of removal was objectively reasonable; the parties are diverse and the amount-in-controversy exceeds $75,000. The Court, therefore, declines to award attorney's fees.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10040-RGK-FFM | Date | February 04, 2019 |
|---|---|---|---|
| Title | *Sonia Naranjo v. Walmart, Inc., et al.* | | |

**V. CONCLUSION**

For the foregoing reasons, the above-entitled case is hereby **REMANDED** to the Superior Court for all further proceedings. The Court **DENIES** Plaintiff's request for leave to file first amended complaint and request for attorney's fees.

**IT IS SO ORDERED.**

:

Initials of Preparer